# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0021-18T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

E.T.,

      Defendant-Appellant,

and

J.T.,

      Defendant.

_____

IN THE MATTER OF C.T. and H.T.,

      Minors.

_____

Submitted May 30, 2019 – Decided June 18, 2019

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FN-12-0067-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Fabiola E. Ruiz-Doolan, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Danielle Patrice Counts, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Danielle Ruiz, Designated Counsel, on the brief).

PER CURIAM

In this Title 9 case, defendant E.T. appeals from an April 20, 2018 fact-finding order, determining that she abused or neglected her two young children. See N.J.S.A. 9:6-8.21(c). After reviewing the record, we conclude that the trial judge's decision is supported by substantial credible evidence. See N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012). We affirm for the reasons stated by Judge Bruce J. Kaplan in his thirty-seven page written opinion issued with the order. We add the following comments.

On the evening of October 3, 2017, the police responded to a reported hit and run incident involving a car traced to E.T. When the police arrived at the

residence of E.T., her husband J.T., and their two children, they observed that both parents were highly intoxicated, such that neither of them could safely care for the two young children who were present in the apartment. They first saw E.T. standing in a glassed-in porch area of the apartment. When the police asked her to come outside, they found she was so drunk she could barely conduct a coherent conversation. The police found her car parked haphazardly, still running, with the doors open, on the grass median of the apartment complex parking lot.

J.T., whom the police found inside the apartment with the children, likewise appeared to be extremely drunk. He was holding the two-month-old baby with his left arm, "at a horizontal angle, not supporting the child's neck." J.T. became agitated and approached the police in a hostile manner while holding the baby. As a result, they secured his right arm and took the baby away from him. J.T. then head-butted a police officer and was arrested.[1]  Because

---

[1]  J.T., who was a co-defendant in the Title 9 case, pled guilty to fourth-degree child neglect, N.J.S.A. 9:6-3, prior to the January 30, 2018 fact-finding hearing. He represented himself at that hearing. J.T. later obtained counsel, and the judge scheduled a new fact-finding hearing for him. However, at the rescheduled March 16, 2018 hearing, with advice of counsel, J.T. stipulated that he neglected the children.

A-0021-18T1

E.T. was in no condition to care for the children, the police called the Division of Child Protection and Permanency (Division).

A Division caseworker, who arrived in response to the call, found E.T. extremely drunk and verbally abusive. E.T. told the worker that she just got out of "rehab" and started drinking again. She admitted leaving the children in the home with J.T. while she went out to a liquor store. E.T. told the worker that she began drinking wine when she returned home after the auto accident. She claimed J.T. had not been drinking at the time she left for the liquor store. Since neither parent could safely care for the children, the Division removed the children on an emergency basis and placed them in foster care.

A second Division worker, who interviewed each parent the next day, testified J.T. admitted to her that he and E.T. were both drinking on the day of the incident. He admitted that he was drinking heavily and got into an argument with E.T., after which she left the apartment.[2] He also told the worker that E.T. was drinking before she left for the liquor store.

---

[2] Both Division workers testified on January 30, 2018, when J.T. was still a co-defendant in the Title 9 case. His statement about drinking before E.T. left the apartment was admissible, because he was a party, N.J.R.E. 803(b), and the statement was an admission against his interest, N.J.R.E. 803(c)(25).

A-0021-18T1

The second worker separately interviewed E.T., who was intoxicated and belligerent during the interview. She admitted drinking on the day of the incident. She also told the worker that before she left the apartment on the day of the incident, J.T. "grabbed [her] arms and told [her] that he was going to get rid of [her]...." E.T. pointed out a hole in the wall and told the worker there were "secrets in the marriage." During the interview, the worker observed a large, mostly empty, bottle of vodka and saw E.T. take a shot of vodka from the bottle.

E.T. did not present any witnesses or documentary evidence at the hearing.

Based on the credible testimony of the Division's witnesses and the documents admitted in evidence, Judge Kaplan found that both parents were highly intoxicated in the presence of their children. He found that E.T.'s conduct violated an existing safety protection plan that had been entered due to her prior conduct of abusing alcohol while caring for her children. He further found that E.T. knew J.T. was drinking and violent at the time she left the children alone with him. However, he found she nonetheless left her children in danger:

> [I]n lieu of staying with her children to ensure their safety or calling for assistance, while at the home or upon her departure, [E.T.] did nothing. Instead, she chose to go to the liquor store and return to have wine, again failing to check on her children; thereby leaving them with a completely inappropriate caregiver and

> subject to real risk. . . . [A]n "ordinary reasonable person" would have appreciated the risk and taken action. . . . [E.T.'s] failure to act in circumstances which demanded action is in essence neglect. . . . These children were at an even greater risk where. . . they were dependent on an intoxicated [E.T.] to protect them.

The judge found that E.T. "was simply oblivious to her children on October 3rd." He concluded, "[f]urther proof of [her] complete abandonment of her parental responsibilities is found in her sitting outside on the porch drinking pinot noir with no concern for her children, who were inside with [J.T.], who she knew was drunk and aggressive." The judge concluded that E.T. put her children at a substantial risk of harm, placing them "in a position where they had no available and appropriate caretakers." In addition, this conduct was "not an isolated event" but was part of a pattern of conduct.

On this appeal, defendant contends there is insufficient credible evidence to support the judge's finding that she failed to exercise a minimum degree of care when caring for her children. She likewise argues there was not sufficient credible evidence that she harmed the children or placed them at imminent risk of harm.

Based on our review of the record, we find no basis to disturb Judge Kaplan's factual findings, which are amply supported by the evidence. In light

6

of the facts as he found them to be, his legal conclusions are unassailable.  See

N.J. Div. of Child Prot. & Permanency v. B.O., 438 N.J. Super. 373, 385 (App.

Div. 2014).  Defendant's appellate arguments are not supported by the record

and are without sufficient merit to warrant further discussion.  R. 2:11-

3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0021-18T1